IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01015-BNB

SHAUN ERIC BROWN,

    Plaintiff,

v.

MAYOR STEVE BACH,
CHIEF PETER CARIEY,
S. WORLEY (1123),
J. RAGLAND (1709), and
UNKNOWN AGENTS, et al.,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Shaun Eric Brown, currently is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Brown initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) for money damages pursuant to 42 U.S.C. § 1983, as well as 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Brown has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    Although Plaintiff identifies both § 1983 and *Bivens* as the jurisdictional bases for his claims, the Court construed the action against state officials as if it were brought under § 1983 only. Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court must construe Mr. Brown's Prisoner Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brown will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Brown contends that on December 10 and 11, 2012, while he was on parole, a traffic accident occurred at the intersection of Pikes Peak Avenue and Chelton Road in Colorado Springs, Colorado. He further alleges that, after investigation of the accident and the license plate of the vehicle that fled the scene, he was arrested on January 10, 2013, and criminal charges were brought against him in El Paso County District Court Case No. 13CR000156 for seven traffic offenses, including driving after revocation prohibited and reckless driving. He contends the charges were false. He also contends Defendants were negligent, improperly trained, conducted an improper investigation, and violated his constitutional rights because proper procedures were not followed, including at a photo lineup where he was falsely identified.

It is unclear which conviction underlies Mr. Brown's current incarceration. Mr. Brown will be directed to inform the Court in his amended Prisoner Complaint if he is challenging his conviction in No. 13CR000156 or a different conviction. Assuming he is challenging his conviction and sentence in No. 13CR000156, his claims for money damages were barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his or her criminal conviction or

sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.  Mr. Brown does not allege that he has invalidated the conviction or sentence pertinent to the incident at issue.  Therefore, any claims for damages challenging the validity of his criminal conviction were barred by *Heck*.

To the extent Mr. Brown seeks to challenge his criminal conviction or obtain his release from incarceration, his sole federal remedy was a writ of habeas corpus, after he has exhausted state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  The Court will not consider the merits of any habeas corpus claims asserted in this civil rights action.

The amended Prisoner Complaint Mr. Brown will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of

Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Brown fails to assert his claims in a manner that is clear and concise and allows the Court and each Respondent to understand and respond to each asserted claim. Generally, Mr. Brown fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Brown must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Brown must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. Nor should the Court or defendants be required to sift through Mr. Brown's verbose allegations to determine the heart of each claim.

<mark><mark><mark></mark></mark></mark>

The Prisoner Complaint also is deficient because Mr. Brown fails to allege facts that demonstrate each of the named defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Brown "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Brown should name as defendants in his amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Brown must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a

theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Brown may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Brown uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Brown will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R.

Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.  Mr. Brown is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if Mr. Brown seeks to refile in this Court because the two-year statute of limitations may have run on his § 1983 claims.

Accordingly, it is

ORDERED that Plaintiff, Shaun Eric Brown, file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Prisoner Complaint and action may be dismissed without further notice.

DATED April 17, 2014, at Denver, Colorado.

                                       BY THE COURT:

                                       s/ Boyd N. Boland
                                       United States Magistrate Judge